FALK *v.* GAST LITHOGRAPH & ENGRAVING Co., Limited.

*(Circuit Court, S. D. New York. November 30, 1891.)*

1. COPYRIGHT—INFRINGEMENT—NOTICE OF COPYRIGHT—PHOTOGRAPHS.
    In an action for the infringement of a copyright for a photograph, in order to sustain the defense that the copy which defendant reproduced was without the statutory notice of copyright, it is not sufficient that it was without the statutory notice when it came into defendant's possession, but it must be shown that it lacked such notice when it left plaintiff's possession.

2. SAME—PUBLICATION—DELAY.
    A delay of the publication of a photograph for two months and eighteen days after the title was filed with the librarian of congress, as required by the copyright law, is not unreasonable.

3. SAME—FOR WHAT ALLOWED—PHOTOGRAPHS.
    The facts that a photographer arranged the light, background, and other details for a photograph, and posed the subject so as as to produce an artistic and pleasing picture, are sufficient to sustain a copyright for such photograph.

In Equity. On final hearing.

Bill for injunction by Benjamin J. Falk against the Gast Lithograph & Engraving Company, Limited. For opinion on motion for preliminary injunction, see 40 Fed. Rep. 168.

*Isaac N. Falk* and *Rowland Cox*, for complainant.

*William B. Ellison* and *Charles C. Gill*, for defendant.

COXE, J. This is an equity action to enjoin the infringement of a copyright for a photograph of Julia Marlowe. The photograph was taken by the complainant and copyrighted by him as proprietor. It is admitted that the photograph was copied by the defendant. The following are the principal defenses: *First.* The complainant failed to inscribe upon each copy of the photograph in question the notice required by law, the photograph copied by the defendant being without such notice. *Second.* The proof is insufficient of the mailing or delivery at the office of the librarian of congress of two copies of the photograph as required by sections 4956 and 4959 of the Revised Statutes. *Third.* The complainant lost his right to a copyright by unreasonably delaying the publication of the photograph. *Fourth.* The photograph in question is not the proper subject of a copyright, and the complainant has failed to show any title thereto as proprietor.

The testimony relating to the first defense should be scrutinized with unusual care, for the reason that the value of copyrights will be greatly impaired if such defenses are encouraged. It will be observed that the photograph from which the defendant copied the infringing device, the solar print which was subsequently colored by its artist and the negative of the solar print have all been lost or destroyed. The assertion that the photograph in question was without the statutory notice came from two witnesses who testified from memory only, after the lapse of a year, during which time they had examined hundreds of similar photographs. Moreover, their testimony does not agree, and the principal witness for the defendant has given two conflicting versions of the manner in which

the photograph came into his possession. In the absence of the photograph itself this testimony is too uncertain to overthrow the presumptions which follow from the established facts. The testimony for the complainant is to the effect that unusual care was taken with the photographs of Miss Marlowe for the reason that the complainant was under contract to issue none that were not copyrighted, and that none were issued from his establishment without the copyright notice. The difficulty with the defendant's testimony is that it may be true and still the complainant, in all respects, may have complied with the statute. In other words, it is not enough to show that the photograph was without the statutory notice when it entered the defendant's possession. It must appear that it was without the notice when it left the complainant's possession. There is no evidence to show this. If copied afterwards or put upon a new mount the complainant should not suffer. The case was before the court upon a motion for a preliminary injunction. 40 Fed. Rep. 168. It was there held, upon substantially the same facts, that complainant's evidence showing a compliance with the statutory requirements was not overcome by testimony that the copy from which the defendant produced the lithograph in question was without the notice of copyright. Should the court once establish the doctrine that the oral testimony of an infringer that he copied from a photograph not inscribed with the statutory notice, is sufficient to exculpate him, is it not entirely plain that the door will be opened wide for trickery and fraud, and that the value of copyrights will be destroyed? Should the court so hold it will only be necessary, in the future, for infringers to purchase photographs from which the notice has been cut or erased, or which have been transferred from a copyrighted mount to a plain one. The photograph, after having been copied, is conveniently lost or destroyed, and the owner of the copyright is left remediless when confronted with the statement of the wrong-doer that the notice was absent. The foregoing remarks are not intended to reflect in the least upon the defendant or its witnesses; they are made only to illustrate the ease with which unscrupulous men can defeat the law if aided and encouraged by such a ruling from the court.

The evidence of mailing and delivery at the office of the librarian of congress, in the absence of any proof to the contrary, shows a sufficient compliance with the statute. The testimony of the complainant's business manager that he caused to be mailed to the librarian two printed copies of the photograph in question (No. 94) is supplemented by the certificate of the librarian that "two printed copies of a photograph entitled 'Photograph No. 94 of Julia Marlowe'" were delivered at his office. If further proof were needed it is found in the testimony of the witness who saw photograph No. 94 of Julia Marlowe in the office of the librarian and identified it as being similar in all respects to the photograph in question. It is true that he saw but one photograph, but it bore the librarian's mark, "No. 2," showing with reasonable certainty that "No. 1" was also there. The proof considered as a whole establishes an almost conclusive presumption that the conditions

of the statute were complied with. *Callaghan* v. *Myers*, 128 U. S. 617, 9 Sup. Ct. Rep. 177. Section 4959 provides that the proprietor of a photograph shall mail to the librarian or deposit with him two printed copies thereof "within ten days after its publication." The certificate of the librarian shows that two copies of the photograph were deposited December 6, 1888. They were mailed the day previous, December 5th.

There is some testimony tending to show that a copy of photograph No. 94 was seen by Miss Marlowe as early as November 5, 1888, and that copies were sent to her on Sunday, November 25th of the same year. It is doubtful whether this testimony, in any view, is sufficient to establish a publication, but it is too vague, shadowy, and uncertain to countervail the evidence of the complainant that publication did not take place till December 5, 1888. Miss Marlowe is not sure that No. 94 was among the photographs sent her, and the other witness upon this subject, called by the defendant, is discredited. The title was filed with the librarian September 17th, and the copies were mailed to him on the day of publication, December 5, 1888,—two months and eighteen days thereafter. No authority is cited holding this to be an unreasonable delay.

The complainant testified that he arranged the pose and lighting of the photograph in question, worked up the expression and decided upon the attitude; but testimony of Miss Marlowe that he arranged the light, the background and all other details, and finally posed her, when taken in connection with the picture itself, which certainly is artistic and unusually pleasing, is sufficient to sustain the copyright within the authority of *Sarony's Case*, 111 U. S. 53, 4 Sup. Ct. Rep. 279. That the complainant was the author and proprietor of the photograph is sufficiently established. The complainant is entitled to a decree.